UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT LEE CAMEL III,

               Plaintiff,

      v.                                     Case No. 16-C-558

LT. BOVEE,
SGT. T. SCHULZ, and
SGT. WOUTS,

               Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Robert Lee Camel III, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that his civil rights were violated. He claims that Lieutenant Bovee, Sergeant Schulz, and Sergeant Wouts violated his constitutional rights by their deliberate indifference to his serious medical needs. Currently before the court are the parties' cross-motions for summary judgment. Camel did not file a reply brief in support of his motion for summary judgment within fourteen days as required by Civil Local Rule 56(b)(3) and has not requested additional time to file a reply. Accordingly, both motions are fully briefed and ripe for disposition. For the following reasons, the defendants' motion will be granted, Camel's motion will be denied, and the case will be dismissed.

## BACKGROUND

      Camel was housed at Fox Lake Correctional Institution at all times relevant to this case. (Defs.' Proposed Findings of Fact (DPFOF) ¶ 2, ECF No. 32.) Camel has a history of frequent chest pain secondary to chronic heartburn. (*Id.* at ¶ 16; ECF No. 34-1.) On April 11, 2015, at 12:10 a.m., Camel complained of chest pain and vomiting to Sergeant Tarah Schulz. (DPFOF at ¶ 5.) Sergeant

Schulz logged Camel's complaint in the unit log book and reported his complaint to Lieutenant Anthony Bovee. (*Id.* at ¶¶ 5–6; ECF No. 33-1.) She telephoned for the on-call nurse, but the nurse did not respond. (DPFOF at ¶ 7.) When Sergeant Schulz notified Lieutenant Bovee that she could not make contact with the nurse, he advised her to monitor Camel's situation and report any changes. (*Id.* at ¶ 8.)

At 1:00 a.m., Sergeant Schulz called the on-call nurse again, and there was no answer. (*Id.* at ¶ 9.) She updated Camel of her attempts to contact the on-call nurse. (*Id.* at ¶ 10.) Sergeant Schulz also turned the intercom in Camel's cell on intermittently to monitor his condition. (*Id.* at ¶¶ 9–10; ECF No. 33-1.) Although she never heard Camel vomit, she heard him snoring throughout the rest of the night.[1] (*Id.*) Sergeant Schulz reported to Lieutenant Bovee that Camel was sleeping and did not complain of any further medical problems. (DPFOF at ¶ 11.) Lieutenant Bovee believed Camel was no longer in pain and did not need medical attention. (*Id.*) Sergeant Schulz or the unit officer conducted hourly rounds and observed that Camel "appeared fine." (*Id.* at ¶ 12.) At 5:30 a.m., Sergeant Schulz noted in the log book that Camel had not requested further medical help after 1:30 a.m. (*Id.* at ¶ 13; ECF No. 33-1.)

Later that morning, a sergeant called for a nurse to examine Camel in his cell, even though Camel no longer had chest pain. (DPFOF at ¶ 36; ECF No. 34-1 at 3.) When the nurse arrived at

---

[1] Camel attempts to dispute some of the defendants' proposed facts but merely argues that "there is no proof to support this fact." However, the court notes that each of the facts Camel challenges are supported by evidence in the record, more specifically, declarations of the defendants indicating their personal knowledge as well as supporting log books and other documentation. Camel, on the other hand, in opposing their factual statements has offered no sworn declaration setting forth contrary facts. He must do more than raise mere "metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).

2

Camel's cell at 10:40 a.m., she noted Camel was sitting on his bed, singing. (*Id.*) She gave Camel a dose of Pepto to prevent future heartburn. (*Id.*)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel*, 612 F.3d at 937 (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. It imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828; *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). This does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. An inmate's

3

claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that claim." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

The defendants argue Camel has not established that his chronic heartburn is a serious medical condition. What constitutes a sufficiently "serious medical need" under the first prong is "far from self-defining." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A condition may be sufficiently serious where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain" or where the injury is one that "a reasonable doctor or patient would find important and worthy of comment or treatment." *Id.* "It is clear that the Supreme Court contemplated that medical conditions far less critical than 'life threatening' would be encompassed by the term." *Id.* Seventh Circuit cases "demonstrate a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011)). Camel's history of repeated treatment for his chronic heartburn suggests that this pain constitutes a serious medical condition.

Even if the court assumes Camel had a serious condition, Camel must demonstrate that the defendants were deliberately indifferent to his medical needs. Deliberate indifference requires more than negligence or even gross negligence; it requires that officials knew of, yet disregarded, an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 835, 837; *see also Estelle*, 429 U.S. at 104. Moreover, it is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). "A state officer is deliberately indifferent

4

when he does nothing . . . or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016) (internal citations omitted).

Camel argues that the defendants delayed his access to medical treatment by failing to call the health services manager and not calling for a nurse again until later that morning. Under the policy of the Wisconsin Division of Adult Institutions, "If there is no response to attempted on-call after two attempts or 10 minutes has elapsed, the designated supervisor shall be notified." DIA Policy #500.00.04 (effective June 20, 2013). While the policy instructs officers to notify the nurse's supervisor after receiving no response from the nurse, it does not indicate *when* the officers must provide this notification. Regardless, even if the defendants were required to immediately call the health services manager after they were unable to reach the on-call nurse, the law does not "require perfection" from prison officials. *Rosario v. Brawn*, 670 F.3d 816, 822 (7th Cir. 2012). Instead, a plaintiff "must prove that the officers' conduct was 'something approaching total unconcern'" for his welfare. *Id.*

Contrary to Camel's assertions, the defendants were anything but apathetic to his complaints. The defendants alerted each other to Camel's complaints of chest pain and vomiting. Sergeant Schulz tried to contact the on-call nurse numerous times, notified Camel of her attempts, and monitored his condition by listening to Camel's intercom throughout the night. When Sergeant Schulz or another unit officer conducted hourly rounds, they reported Camel was sleeping and did not complain of pain or vomiting after 1:30 a.m. Because Camel did not complain or request any further medical assistance, Lieutenant Bovee believed Camel was no longer in pain and did not need medical attention.

5

Moreover, Camel has not presented any medical evidence that the delay between his complaints of pain and the in-person examination conducted later that morning detrimentally affected, unnecessarily prolonged, or exacerbated his pain. *See Williams v. Liefer*, 491 F.3d 710, 714–15 (7th Cir. 2007) ("In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm." (citing cases)). The record reflects that Camel did not complain about chest pain and vomiting after 1:30 a.m., and he did not have any pain when a nurse examined him at 10:40 a.m. In sum, Camel has not produced sufficiently probative evidence that the defendants were deliberately indifferent to his serious medical needs. Accordingly, the defendants' motion for summary judgment will be granted. Because I conclude the defendants did not violate any of Camel's constitutional rights, there is no need to address their defense of qualified immunity.

## CONCLUSION

For the foregoing reasons, Camel's motion for summary judgment (ECF No. 43) is **DENIED**, and the defendants' motion for summary judgment (ECF No. 30) is **GRANTED**. The Clerk is directed to enter judgment dismissing the case with prejudice.

**SO ORDERED** this __4th__ day of April, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
